IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JAMES BEAM, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | CV-05-RRA-1133 |
| CAGLE'S INC., ) | |
| ) | |
| Defendant. ) | |

**Amended Report and Recommendation**
(Amending Report and Recommendation Issued on October 11, 2005 (ct. doc. # 11))

On October 25, 2005, the Defendant objected that the Report and Recommendation, filed on October 11, 2005, "does not address Defendant's central argument in support of dismissal of this case." *Defendants' Objections to Magistrate's Report and Recommendation*, at 1. In essence, the Defendants contend that the Plaintiffs counsels' authority to represent the Plaintiffs ended with the *Anderson* case and that they should be precluded from filing the instant action.

The central argument advanced in the Defendant's motion was not as described above. The introductory paragraph of its original memorandum reads: "Defendant seeks dismissal because the 49 plaintiffs in whose name the instant action has been filed have not given their consent to join in this action, as required by the collective action opt-in procedures under the Fair Labor Standards Act (FLSA) in 29 U.S.C. §216(b)." Similar statements appear in the Defendants Motion to Dismiss. Again, under the "Argument and Authority" section of the brief, the overwhelming weight of the section is spent on compliance with section 216(b). Only in the last paragraph of the brief does the Defendant, in a conclusory manner, state that

the lawsuit has been filed without authorization from the plaintiffs, without a representation agreement, and without investigation of the claim as required by Rule 11.[1] Now, the Defendant has prepared several pages of argument not made before. The Defendant makes arguments regarding what constitutes an attorney/client relationship and the parol evidence rule. Nowhere in its objections, however, is any authority cited for dismissal under these circumstances.

It is undisputed that the Plaintiffs' attorneys represented them at least as far back as the *Anderson* case. That case concerned the same facts and circumstances as this case. Under those circumstances, it would be reasonable to assume that the representation would extend beyond the *Anderson* case to any legal claim which Plaintiffs' counsel could file on the Plaintiffs' behalf. Indeed, Plaintiffs' counsel might be faulted if they had not filed this action, because this action was filed to obtain the legal relief for which the Plaintiffs obtained the services of these attorneys. Moreover, the Defendant does not ask this court to investigate this matter. The only action the Defendant requests of this court is dismissal of this lawsuit. Even if it were the province of this Court to determine whether the Plaintiffs' Counsel are suing with the permission of the plaintiffs, an unusual notion, Plaintiffs' Counsel, as officers of the Court, have represented that they have permission to represent the Plaintiffs in this lawsuit, as previously explained.

Based on the foregoing, and the statements in the previous report and recommendation, it is still recommended that the motion to dismiss be denied. Any party

---

[1] The Defendant now concedes that written consents were not necessary for the named Plaintiffs in this action.

wishing to file objections must do so within 10 days.

**DONE** this 26th day of October, 2005.

/s/ Robert R. Armstrong
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE