FILED

2008 Nov-14  AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **JAMES BEAM, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE NO.:  4:05-CV-1133-RDP** |
| **v.** | ) | |
| | ) | |
| **CAGLE'S INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION</u>**

On February 13, 2008, Plaintiffs were ordered to show cause why this case should not be dismissed.  Plaintiffs and Defendant briefed the issue and a hearing was held before the magistrate judge.  The magistrate judge issued a report and recommendation on July 23, 2008, which recommended dismissal of this action only in part. On September 10, 2008, however, the magistrate judge changed his recommendation to recommended dismissal of this case in its entirety.  Plaintiff filed objections to this recommendation.

Plaintiffs argue that they have presented sufficient evidence that Plaintiffs' attorneys were authorized to file suit on their behalf.  In making this argument, Plaintiffs miss the point of *Albritton v. Cagle's, Inc.*, 508 F.3d 1012 (11th Cir. 2007).  The issues in *Albritton*, as here, "stem from the statutory requirement that no employee may be a 'party plaintiff' in an FLSA collective action until his written consent is filed in the court where the action is pending.  *See* 29 U.S.C. § 216(b) [2008]." *Albritton*, 508 F.3d at 1014.  Contrary to Plaintiffs' position, the issue is not whether Plaintiffs' attorneys were authorized to file the instant action, but rather whether Plaintiffs' written authorizations as opt-in plaintiffs in the prior case were sufficient to satisfy the procedural

requirement that written consent be filed with the court in which the FLSA action is brought. Plaintiffs' counsel conceded to the court that, though they had authorization to maintain this action on behalf of their clients, that authorization was not in writing.  (Doc. 28 at 10-11).  In this respect, the magistrate judge's supplemental report and recommendation is correct: the facts in *Albritton* are virtually the same as the facts in the instant case.  In order to maintain an action under the FLSA, written consents must be filed with the court, which Plaintiffs admittedly failed to do.  As the Eleventh Circuit made clear in *Albritton*, the *Anderson* consent forms are insufficient to satisfy this requirement.  *Albritton*, 508 F.3d at 1019 ("Having initiated new actions, § 216(b) required the attorneys to file new consents with the court.").  Plaintiffs did not comply with the procedural requirements of the FLSA, 29 U.S.C. § 216(b), and this case is due to be dismissed without prejudice.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the supplemental and amended report and recommendation, and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.  A Final Judgment will be entered.

DONE and ORDERED this ____14th____ day of November, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE